UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SHANE DIETLIN, | ) |
| Plaintiff, | ) |
| v. | ) 3:25-CV-303-KAC-JEM |
| NATHAN KIRK, et al., | ) |
| Defendants. | ) |

## ORDER REMANDING ACTION

Because this Court lacks subject matter jurisdiction, the Court remands this action to the Circuit Court for Anderson County, Tennessee.

On March 14, 2025, Plaintiff Shane Dietlin filed a complaint in the Circuit Court for Anderson County, Tennessee against Defendants [Doc. 1-1]. Thereafter, on June 4, Plaintiff filed a "Supplemental Amended Complaint," adding a "paragraph" to the Complaint [*See* Doc. 1-3 at 3]. On June 27, Defendants removed this action [Doc. 1]. The "Notice of Removal" purports to invoke the Court's federal question jurisdiction "pursuant to 28 U.S.C. § 1331" based on language in the Supplemental Amended Complaint [*See* Doc. 1 at 2 (relying on references to "violations of civil rights," "color of law," and "the United States Constitution" in the Supplemental Amended Complaint)].

Because the Supplemental Amended Complaint appeared to assert a response to an anticipated state law immunity defense rather than present a federal claim, the Court issued an Order to Show Cause requiring Defendants to provide information sufficient to show that the Court has jurisdiction over this action [Doc. 7]. Defendant Christopher Wallace responded [Doc. 8] arguing that the Court should "decline to remand this case" for two reasons. ***First***, he argues that

language in the Supplemental Amended Complaint—including a citation to "federal case law" and sporadic references to "the U.S. Constitution" and "a violation of civil rights"—could indicate that Plaintiff intends to bring a claim arising under federal law [*See* Doc. 8 at 2-3]. **Second**, he asserts that "Plaintiff's counsel has not agreed to a stipulation stating that there are no federal claims in the Supplemental Amended Complaint" [*Id.* at 3]. While Defendant Wallace's counsel has invited Plaintiff's counsel to enter a stipulation, [*see* Doc. 8-1], he has not yet "received a response from Plaintiff's counsel" one way or another, [*see* Doc. 8 at 3]. Neither argument moves the needle.

Federal courts possess only that jurisdiction the Constitution and Congress authorize. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Defendants bear the burden of demonstrating that the Court has jurisdiction. *See Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006). In a case initially removed from state court, without jurisdiction, "the federal court must remand the case to the state court where it started." *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 39 (2025); *see also* 28 U.S.C. § 1447(c).

Defendants may properly remove this action to federal court "only if the plaintiff's claims 'arise under' federal law" [*See* Doc. 7 at 2]. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008) (cleaned up) (quoting 28 U.S.C. § 1441(b)). The Court looks "only to the 'well-pleaded allegations of the complaint.'" *Id.* (quoting *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007)). The Court "'ignore[s] potential defenses' that the defendant may raise." *Id*. (alteration added) (quoting *Mikulski*, 501 F.3d at 560). A claim "arises under federal law" only if the **well-pleaded allegations in the Complaint itself**: (1) state a federal cause of action; (2) include a state claim that necessarily depends on a substantial and disputed federal issue; (3) raise

a state claim completely preempted by federal law; or (4) artfully plead a state claim that is actually a federal claim in disguise. *See Ohio ex rel. Skaggs v. Brunner*, 629 F.3d 527, 530 (6th Cir. 2010).

Here, Plaintiff's Complaint [Doc. 1-1] as supplemented by his Supplemental Amended Complaint [Doc. 1-3] fails to state a well-pleaded claim arising under federal law. The isolated references and loose language on which Defendant relies is inadequate to state a well-pleaded federal claim. *See Michigan S. R.R. Co. v. Branch & St. Joseph Ctys. Rail Users Ass'n., Inc.*, 287 F.3d 568, 574 (6th Cir. 2002) ("mere reference to a federal statute does not establish federal jurisdiction"); *see also Eastman*, 438 F.3d at 549-50 (instructing district courts to resolve all doubts in favor of remand). Unless the "well-pleaded allegations of the complaint" present a federal question, the Court lacks jurisdiction to hear this case. *See* 28 U.S.C. § 1332. Further, a response to an anticipated state law immunity defense would not confer jurisdiction on this Court either. *See Ohio ex rel. Skaggs*, 549 F.3d at 474. Without jurisdiction, the Court must remand this action. *See Royal Canin U.S.A., Inc.*, 604 U.S. at 39; *see also* 28 U.S.C. § 1447(c). Therefore, the Court **REMANDS this action to the Circuit Court for Anderson County, Tennessee**. The Clerk **SHALL** mail a certified copy of this Order to the Clerk of the Circuit Court for Anderson County, Tennessee, and **CLOSE** this case.

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge